IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 1:06-MC-00119 |
| ) | |
| LEVEL PROPANE GASES, Inc., ) | Judge Ann Aldrich |
| ) | |
| ) | |
| ) | |
| ) | ORDER |
| ) | |

Before the court is William Maloof's ("Maloof") motion to withdraw the reference as to his motion to disqualify debtors' counsel [Docket No. 1], pursuant to 28 U.S.C. § 157(d). In support of his motion, Maloof argues that the bankruptcy judge before whom this motion was filed committed error in a previous ruling, leading to likely appeal of those matters, and that the reference should be withdrawn on the instant motion to avoid further erroneous ruling by the bankruptcy judge, which would cause further appeal to the district court. Maloof proceeds to argue the merits of the other matter decided by the bankruptcy judge, apparently to show that the bankruptcy judge should not be trusted to rule on the instant motion. Finally, Maloof requests that this court issue a stay, preventing the bankruptcy judge from ruling on the instant motion. A hearing on the instant motion in the bankruptcy court was scheduled for December 5, 2006, but was postponed by the bankruptcy court until December 12, 2006.

No allegation is made that the instant motion is a non-core proceeding; it in fact appears to be a matter collateral to a core proceeding. Nor does Maloof suggest that the bankruptcy court is somehow unable to rule on the instant motion, and must instead submit proposed findings of fact and

conclusions of law for the district court to review *de novo*, pursuant to 28 U.S.C. § 157(c). On the contrary, Maloof's arguments assume that the bankruptcy court can and will "hear and determine" the instant motion pursuant to 28 U.S.C. § 157(b), and that the bankruptcy court's ruling would be appealed pursuant to 28 U.S.C. § 158. Therefore, the core character of the instant motion counsels against withdrawal of the reference. *See, e.g., In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

The court must also consider whether withdrawal of the reference promotes efficient use of judicial resources, eliminates delay and costs to the parties, promotes uniform bankruptcy administration, and prevents forum shopping. *Id.* In other words, it is "congressional intent to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." *Holland v. LTV Steel Co.*, 288 B.R. 770, 775 (N.D. Ohio 2002) (citations omitted). The only justification put forth by Maloof is that the bankruptcy judge is somehow unfit to rule on the instant motion, and that allowing the bankruptcy judge to rule would create the need for an otherwise unnecessary appeal, while this court, by agreeing with Maloof, would eliminate the need for such an appeal.

Such "justification" is no more than "forum shopping", and counsels strongly against withdrawing the reference. Furthermore, as the motion is properly before the bankruptcy court, which possesses greater familiarity with the parties, the underlying case, and the instant motion itself, this court finds that withdrawal would not promote efficient use of judicial resources or prevent delay or costs to the parties. Therefore, the court denies Maloof's motion to withdraw the

reference [Docket No. 1]. Maloof's request for a stay of the bankruptcy court's proceedings is similarly denied. If Maloof disagrees with the bankruptcy's court handling of this or any other matter, he may appeal such rulings pursuant to 28 U.S.C. §158.

IT IS SO ORDERED.

      /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: December 5, 2006**